UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            X
BRITE-STRIKE TECHNOLOGIES, INC. and      :
TELEBRANDS CORP.,                        :
                                         :   Civil Action No.
                 Plaintiffs,             :
                                         :   JURY TRIAL DEMANDED
       v.                                :
                                         :
E. MISHAN & SONS, INC.,                  :
                                         :
                 Defendant.              :
_____
                                            X

## COMPLAINT

Plaintiffs Brite-Strike Technologies, Inc. ("Brite-Strike") and Telebrands Corp. ("Telebrands") (collectively "Plaintiffs"), for their Complaint against Defendant E. Mishan & Sons, Inc. ("Emson"), allege as follows:

## THE PARTIES

1.   Brite-Strike is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 11 Raffaele Road, Camelot Industrial Park, Plymouth, Massachusetts 02360.

2.   Plaintiff Telebrands Corp. ("Telebrands") is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

3.   On information and belief, Defendant Emson is a New York corporation organized and existing under the laws of the State of New York and having a principal place of business at

230 Fifth Avenue, Suite 800, New York, New York 10001.

## NATURE OF CLAIMS, JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States (35 U.S.C. §1 *et seq*.).

5. Jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1338.

6. On information and belief, Emson regularly transacts and/or solicits business within this Judicial District and has purposefully availed itself of the privilege of conducting business in this Judicial District. On information and belief, Emson regularly sells and offers for sale products within this Judicial District over the Internet and through retailers such Walgreens and Walmart, who operate brick and mortar stores within this Judicial District. On information and belief, Emson has committed acts of infringement in this Judicial District by, *inter alia*, selling and offering for sale the infringing products within this Judicial District. Accordingly, this Court has personal jurisdiction over Emson.

7. Venue is proper within this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## BACKGROUND

8. Brite-Strike was started by two law enforcement officers and since 2007, has been offering for sale and selling innovative tactical lighting products to consumers, law enforcement, and the military in this Judicial District and elsewhere. Brite-Strike's products include tactical illumination flashlights. In addition to being used as a light-source, Brite-Strike's tactical flashlights can be used as a self-defense device. Brite-Strike's tactical flashlights incorporate the latest technology to deliver reliable products with innovative features. The innovative features of

Brite-Strike's tactical flashlights have allowed Brite-Strike's flashlights to find favor with law enforcement and the military, including special operations forces, as well as ordinary citizens.

9. Telebrands is a direct marketing company and, since 1983, has been engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere, principally through direct response advertising and through national retail stores. Telebrands is one of the recognized leaders in the direct response television marketing industry. Telebrands' success is based in part by expending a large amount of money advertising products on television for direct response orders. The television advertising creates a heightened brand awareness and recognition of the product among consumers who then purchase the product in retail stores.

10. Brite-Strike created and developed a tactical compact flashlight which includes an innovative switch that allows the user to both: (1) turn the flashlight ON/OFF; and (2) switch between operating modes of the flashlight with the simple touch of a finger. Unlike many flashlights that employ a switch requiring two handed operation (e.g., a switch that must be turned or twisted), the innovative Brite-Strike switch was designed for ease of operation so a user could swiftly and silently operate a flashlight, including cycling through the various operating modes of the flashlight, using a single hand. This silent single-handed operation can be critical in law enforcement, military, and self-defense situations.

11. On January 11, 2011, U.S. Patent No. 7,866,841 ("the '841 Patent"), entitled "Compact Flashlight," was duly and legally issued. Brite-Strike is the owner of all right, title, and interest in and to the '841 Patent by assignment. Telebrands owns exclusive rights to the '841 Patent. A copy of the '841 Patent is attached as Exhibit A.

12. The '841 Patent generally relates to a compact flashlight and a method of operation involving a user-operated switch. For example, a method of operation described by the '841 Patent includes operating a flashlight having a plurality of operating modes including a high intensity light mode, a low intensity light mode and a strobe light mode, where the flashlight includes a user-operated switch having a long throw for latching the flashlight on and off and a shorter throw for cycling the flashlight through one or more of the plurality of operating modes.

13. Representative claim 4 of the '841 Patent recites:

A method of operating a flashlight having a plurality of operating modes including a high intensity light mode, a low intensity light mode and a strobe light mode, the flashlight having a user-operated switch having a long throw for latching the flashlight on and off and a shorter throw cycling the flashlight through one or more of the plurality of operating modes, and logic circuits responsive to the switch and providing a selection of any one of the operating modes, wherein the method comprises:

turning on the flashlight with a first long throw and release of the switch and latching the flashlight on in a first mode of the plurality of operating modes with the long throw and release of the switch;

switching from the first mode to any one of the remaining plurality of operating modes with one or more short throws and releases of said switch; and turning off the flashlight in any one of the plurality of operating modes with a second long throw and release of the switch.

14. Since as early as 2008, Brite-Strike has offered for sale and sold and continues to offer for sale and sell a series of tactical flashlights employing the innovative switch technology covered by the '841 Patent.

15. Brite-Strike's tactical flashlights employing Tactical Touch® technology are offered for sale through retailers such as Amazon.com and other specialty stores and are offered for sale and sold under the trademarks TACTICAL TOUCH and TACTICAL BLUE DOT ("the TACTICAL TOUCH flashlights"). Attached as Exhibit B is an excerpt from a 2008 Brite-Strike

catalog and attached as Exhibit C is a copy of Brite-Strike's website listing several TACTICAL TOUCH flashlights employing the patented technology. Attached as Exhibit D is a copy of the Amazon.com listing of a Brite-Strike tactical flashlight promoting the patented technology. The ad states that "[t]he patented HLS (Hi/Lo/Strobe) Tactical Touch switch design allows you to turn on the light or switch modes with the touch of a finger."

16. Brite-Strike's flashlights that employ the patented Tactical Touch® technology are marked with the number of the '841 Patent in compliance with 35 U.S.C. § 287.

17. Telebrands has exclusive rights under the '841 Patent by a license from Brite-Strike. Under its license with Brite-Strike, Telebrands also has rights to sue for and recover for damages in connection with infringement of the '841 Patent in Telebrands' zone of exclusivity.

18. Telebrands markets and sells a tactical flashlight product under the trademark ATOMIC BEAM USA. The ATOMIC BEAM USA product is covered by the licensed '841 patent. It is a tactical flashlight product that includes, *inter alia*, various modes of operation (e.g., a high intensity mode, a low intensity mode, and a strobe mode). Specifically, the ATOMIC BEAM USA tactical flashlight product can be turned ON and OFF via a long throw of a user-operated axially movable switch, and can be cycled through the various modes of operation via a short throw of the axially movable user-operated switch.

### Defendant's Acts Of Infringement

19. On information and belief, Emson markets and sells an infringing tactical flashlight product under the name TACLIGHT throughout the United States and within this Judicial District.

20. On information and belief, Emson offers its infringing TACLIGHT tactical

flashlight product for sale on its website (https://www.trytaclight.com/) ("the TACLIGHT Website") throughout the United States and within this Judicial District. Attached as Exhibit E is a copy of Emson's website offering the TACLIGHT product for sale. The TACLIGHT product directly competes with Telebrands' ATOMIC BEAM USA product.

21. On August 15, 2016, Brite-Strike and Telebrands sent Emson a cease and desist letter by hand, with a confirmation copy sent via email, notifying Emson of the '841 Patent and Emson's infringing activities. The letter demanded that Emson stop manufacturing, having manufactured, using, importing, selling, offering to sell, distributing and/or otherwise marketing the TACLIGHT tactical flashlight.

22. The operation of Emson's TACLIGHT tactical flashlight infringes at least one claim of the '841 Patent. For example, Emson's TACLIGHT tactical flashlight includes multiple modes of operation (i.e., five modes of operation – high, medium, low, strobe, and SOS) and a user-operated axially movable switch disposed on an axial end of the flashlight that enables a user to turn the flashlight ON/OFF and cycle through the various modes of operation. Specifically, one can turn ON/OFF Emson's TACLIGHT tactical flashlight via a long throw of the user-operated axially movable switch, and can cycle through the five modes of operation via a short throw of the user-operated axially movable switch.

23. A commercial posted on the TACLIGHT website demonstrates operation of Emson's infringing TACLIGHT tactical flashlight product, including a demonstration of turning the flashlight ON/OFF, as well as changing the mode of operation of Emson's infringing TACLIGHT tactical flashlight product. The commercial also promotes the "5 Preset Modes" of the infringing TACLIGHT tactical flashlight product. Attached as Exhibit F is a screen grab of

the video advertisement.

24.     The instruction manual for Emson's infringing TACLIGHT tactical flashlight product promotes its "5 modes" of operation. The cover of the instruction manual highlights the "5 modes" of operation, and lists the five modes as including: high, medium, low, strobe, and SOS. The instruction manual for Emson's infringing TACLIGHT tactical flashlight product further informs a consumer how to turn ON the flashlight and operate the five modes of operation ("Fully depress the power button to power on, gently press power button to alternate through the 5 modes: High, Med, Low, Strobe, SOS, and back to High."). Attached as Exhibit G is a copy of the instruction manual for Emson's infringing TACLIGHT tactical flashlight product.

25.     Since at least as early as August 15, 2016, Emson has known of the '841 Patent and knew that its sale of the TACLIGHT tactical flashlight product induced infringement of the '841 Patent.

26.     On information and belief, end-users and/or customers purchasing Emson's infringing TACLIGHT tactical flashlight product read the instruction manual provided by Emson with the infringing TACLIGHT tactical flashlight product and operate the flashlight in accordance with the instructions provided therein. Specifically, on information and belief, end-users and/or customers turn Emson's TACLIGHT tactical flashlight ON/OFF via a long throw of the user-operated axially movable switch and cycle through the different modes of operation via a short throw of the user-operated axially movable switch.

## COUNT 1 – PATENT INFRINGEMENT OF U.S. PAT. NO. 7,866,841

27.     Brite-Strike and Telebrands repeat and reallege the allegations set forth in paragraphs 1-26 above, as though fully set forth herein.

28.     This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

29.     The '841 Patent is valid and enforceable.

30.     Upon information and belief, Emson has committed acts of infringement of the '841 Patent, and continues to commit such acts of infringement, by using and/or offering for sale the TACLIGHT flashlight in a manner that directly infringes one or more claims of the '841 Patent. By way of example, Emson uses the TACLIGHT flashlight in an infringing manner in the United States, as evidenced by its commercial on its website.

31.     Emson has been put on notice of the '841 Patent at least as early as August 15, 2016, as well as by the filing and service of the Complaint in this action. On information and belief, at all times relevant hereto, Emson has had actual knowledge of the '841 Patent, but nonetheless has infringed and continues to infringe the patent in a willful and deliberate disregard of Plaintiffs' respective rights therein and with the intent to infringe those rights.

32.     On information and belief, at least since its knowledge of the '841 Patent, Emson has indirectly infringed the '841 Patent by actively inducing infringement by others in violation of 35 U.S.C. §271(b). For example, on information and belief, Emson sells, offers for sale, and provides the TACLIGHT flashlight to end-users and/or customers and provides instructions on the infringing use of the TACLIGHT flashlight; actively enticing its end-users and/or customers to use the TACLIGHT flashlight in an infringing manner knowing that such use infringes the '841 Patent.

33.     On information and belief, at least since its knowledge of the '841 Patent, Emson has knowingly encouraged, and continues to encourage, current and potential end-users and/or

customers to directly infringe one or more claims of the '841 Patent including by its actions that include, without limitation, instructing and encouraging users to use the TACLIGHT flashlights though Emson's commercial, as well as promotional and instructional materials, including through its website and its instruction manuals, in a manner to perform methods of operating a flashlight that infringe one or more claims of the '841 Patent.

34. Emson instructed and continues to instruct end-users how to use the TACLIGHT flashlight to perform methods that infringe one or more claims of the '841 Patent. (*See, e.g.*, Exhs. E-H).

35. When end-users and/or customers use the TACLIGHT flashlight as instructed by Emson, that use infringes at least claims 1, 4 and 6 of the '841 Patent. Emson's end-users and/or customers therefore directly infringe the method claims of the '841 Patent through their operation and use of the TACLIGHT flashlight in violation of 35 U.S.C. § 271(a). Emson specifically intends for the end-users and/or customers to use the TACLIGHT flashlight in an infringing manner, and actively entices them to do so.

36. Upon information and belief, Emson is in violation of 35 U.S.C. § 271(b), and has been, at least since its knowledge of the '841 Patent, indirectly infringing, and continues to infringe indirectly, at least one or more claims of the '841 Patent by knowingly and specifically intending to induce infringement by others (e.g., including but not limited to current and potential customers) via at least the acts of advertisements, promotional materials, and instructions to use the TACLIGHT flashlight, which is specifically configured to act according to the claims of the '841 Patent and does not have substantial noninfringing uses.

37. Since at least August 15, 2016, Emson has had notice of the '841 Patent and

notice of its infringement, yet Emson continues to instruct and encourage end-users and customers to use and operate the product in an infringing manner. Emson's intend to induce infringement is demonstrated through its continued promotion of the TACLIGHT flashlight since learning of the '841 Patent and its infringement.

38. By the acts alleged above, Emson has made, used, offered to sell, sold and/or imported into the United States, and on information and belief, still are making, using, offering to sell, selling, and/or importing into the United States, products that infringe, literally or under the doctrine of equivalents, directly or indirectly through induced infringement, at least one claim of the '841 Patent, without Brite-Strike's or Telebrands' authorization or consent.

39. On information and belief, Emson's infringement has been intentional and willful, making this an exceptional case. Emson has known of the '841 Patent at least as early as August 15, 2016, but nonetheless has infringed and continues to infringe the patent in a willful and deliberate disregard of Plaintiffs' respective rights therein and with the intent to infringe those rights.

40. As a direct and proximate cause of Emson's direct and/or indirect infringement, as alleged above, Plaintiffs have suffered damages. Emson is liable to Plaintiffs for the amount of any such damages.

41. Emson will, on information and belief, continue to infringe upon Brite-Strike's and Telebrands' rights under § 271 of the Patent Act, unless and until it is enjoined by this Court. Brite-Strike and Telebrands have been and are likely to continue to be irreparably injured unless Emson is enjoined. Brite-Strike and Telebrands have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment:

Entering judgment in Brite-Strike's and Telebrands' favor and against Emson on all claims;

b. Adjudging and decreeing that Emson has unlawfully infringed, contributorily infringed and/or induced infringement of the '841 Patent;

c. Preliminarily and permanently enjoining Emson, its officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them:

1. from infringing the '841 Patent; and

2. from importing, distributing, advertising, promoting, selling, or offering for sale the TACLIGHT tactical flashlight product, or any other flashlight product whose operation falls within the scope of any claim of the '841 Patent.

d. Requiring Emson to pay Brite-Strike and Telebrands any damages Brite-Strike and Telebrands have suffered arising out of and/or as a result of Emson's patent infringement, including Brite-Strike's and Telebrands' lost profits, Emson's profits, and/or reasonable royalties for Emson's patent infringement, and any other relief provided for in 35 U.S.C. § 284;

e. Awarding Brite-Strike and Telebrands their reasonable attorneys' fees because of the exceptional nature of this case, pursuant to 35 U.S.C. § 285;

f. Requiring Emson to pay to Brite-Strike and Telebrands enhanced damages due to the exceptional nature of this case; and

g. Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs Brite-Strike and Telebrands Corp. request a trial by jury in this matter.

Respectfully submitted,

Dated: August 16, 2016

      /s/ Payal Salsburg
By:  Jose P. Sierra, BBO No. 681298
Payal Salsburg, BBO No. 568812
LAREDO & SMITH, LLP
101 Federal Street, Suite 650
Boston, MA 02110
Tel. (617) 443-1100
Fax: (617) 443-1174
sierra@laredosmith.com
salsburg@laredosmith.com

*Of Counsel:*
COOPER & DUNHAM LLP
Robert T. Maldonado (to be admitted *pro hac vice*)
Tonia A. Sayour (to be admitted *pro hac vice*)
Benjamin Y. Han (to be admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
Fax: (212) 391-0525
rmaldonado@cooperdunham.com
tsayour@cooperdunham.com
bhan@cooperdunham.com

Attorneys for Plaintiffs
BRITE-STRIKE TECHNOLOGIES, INC.
TELEBRANDS CORP.