```
United States District Court
  District of Massachusetts
```

|  |  |
|---|---|
| **Brite-Strike Technologies, Inc.** and **Telebrands Corp.** | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. ) 16-11672-NMG |
| **E. Mishan & Sons, Inc.** | ) ) |
| Defendant. | ) ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs Brite-Strike Technologies, Inc. and Telebrands Corp. allege defendant E. Mishan & Sons, Inc. ("Emson") infringed one of its patents relating to a compact flashlight and a method for operation of such a flashlight.

Defendants responded with several counterclaims against plaintiffs and a motion to stay the case pending an ex parte reexamination of the subject patent by the United States Patent and Trademark Office ("USPTO"). For the following reasons, defendant's motion to stay will be denied.

I.  **Background**

Brite-Strike Technologies, Inc. produces so-called tactical flashlights, which are used as sources of bright light and as tools for self-defense, for sale to consumers, law enforcement and the military. It is the assignee of United States Patent

-1-

No. 7,866,841 ("'841 patent"), which was issued in January, 2011. Telebrands, Inc., a marketing company, owns exclusive rights to the '841 patent under a license agreement with Brite-Strike. Emson is a competitor of Brite-Strike that also produces tactical flashlights.

The '841 patent, entitled "Compact Flashlight," is directed toward a small flashlight which is controlled by a user-operated switch. Brite-Strike utilized the patented technology to manufacture a tactical flashlight, the mode of which can be changed by the touch of a finger, purportedly unlike other flashlights which require two hands to operate.

In August, 2016, plaintiffs filed this patent infringement action. Defendant has denied the substantive claims and asserted several affirmative defenses and counterclaims. It has also sought, <u>ex parte</u>, and recently received leave of the USPTO for, the reexamination of the '841 patent. It now seeks to stay this action pending that reexamination.

## II. Defendants' Motion to Stay

### A. Legal Standard

It is well established that

> [c]ourts have inherent power to manage their dockets and stay proceedings including the authority to order a stay pending conclusion of a PTO reexamination.

<u>Ethicon, Inc.</u> v. <u>Quigg</u>, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). While courts have the power to grant a stay

if there is a pending reexamination, they are not required to do so. Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001). The decision to grant a stay is within the court's discretion. Id. In evaluating whether a stay is appropriate, courts consider the following factors:

> 1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
> 2) whether a stay will simplify the issues . . . and [the] trial of the case; and
> 3) whether discovery is complete and whether a trial date has been set.

Englishtown, Inc. v. Rosetta Stone Inc., 962 F. Supp. 2d 355, 359 (D. Mass. 2013).

**B. Application**

With respect to the first factor, defendant avers that plaintiffs will not be unduly prejudiced because 1) they did not seek a preliminary injunction and requested a 30-day extension to respond to the complaint, 2) they are not the only competitors in the market and 3) defendant is not seeking a stay for tactical purposes.

Plaintiffs respond that the long reexamination and appeals process, combined with the tactical advantage that results from such process, tilts the first factor in their favor. The Court agrees.

The parties agree that the USPTO takes an average of two years to complete a reexamination. The delay could be extended

by years if plaintiffs appeal an adverse decision pursuant to 35 U.S.C. § 306. Even a delay of two years could severely prejudice plaintiffs, however, because they are in direct competition with defendant. See ADA Sols., Inc. v. Engineered Plastics, Inc., 826 F. Supp. 2d 348, 351 (D. Mass. 2011).

Moreover, it is undeniable that a stay would be to the tactical disadvantage of Brite-Strike and Telebrands. First, the Federal Circuit Court of Appeals has determined that, if there is concurrent litigation and reexamination with respect to the same patent and the patent is found invalid in the final reexamination proceeding, the invalidity decision controls the outcome in the ongoing litigation. Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1339-41 (Fed. Cir. 2013). Second, a stay in this case would put on hold plaintiffs' claims against Emson while Emson proceeds with its claims against Telebrands in a concurrent action in the Southern District of New York, E. Mishan & Sons v. Telebrands Corp., No. 16-cv-06918 (S.D.N.Y.).

The Court also concludes that the simplification-of-issues factor favors plaintiffs as well. Emson asserts several affirmative defenses and counterclaims that allege that the '841 patent is invalid under 35 U.S.C. §§ 101, 102, 103 and 112 but the USPTO will reexamine the patent only under § 103. Similarly, defendant's invalidity defense and counterclaim are based upon myriad references, only some of which are subject to

-4-

reexamination by the USPTO. Because several issues will remain unresolved, particularly with respect to defendant's affirmative defenses and counterclaims, the simplification factor does not favor a stay. See ADA Sols. 826 F. Supp. 2d at 351-52.

Finally, with respect to the third factor, although defendant promptly filed its motion and this case is in its early stages, that alone does not compel a stay. In fact, the Court concludes that, in this case, the first two factors trump the third. Id. at 352 (reasoning that although the motion to stay was filed early in the case, "a stay would not be prudent" in light of the other factors).

**ORDER**

For the forgoing reasons, defendant's motion to stay (Docket No. 18) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated January 24, 2017